**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JUDE CHARLES, | No. 07-72895 |
| Petitioner, | Agency No. A098-542-580 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2011**
San Francisco, California

Before: GOULD and M. SMITH, Circuit Judges, and ST. EVE, District Judge.***

Petitioner Jude Charles petitions for review of a decision of the Board of

Immigration Appeals ("BIA") and an Immigration Judge ("IJ") that denied his

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Amy J. St. Eve, United States District Judge for the
Northern District of Illinois, sitting by designation.

applications for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The BIA correctly rejected the IJ's ambiguous adverse credibility finding. Nevertheless, the BIA affirmed the IJ's decision denying the applications. The BIA reasoned that, even accepting the testimony as true, Charles did not demonstrate eligibility for asylum or withholding of removal. We agree.

The BIA erred in part when it concluded that Charles failed to show that his claimed persecutor was the government of Haiti or forces it was unable or unwilling to control. Charles had testified before the IJ that the armed men who raided the December 28, 2003, meeting included uniformed police officers. The government introduced no evidence contradicting this testimony, and the BIA credited Charles's testimony as true. The BIA's conclusion that Charles did not show that his claimed persecutor was the Haitian government or a force that the government was unwilling or unable to control is not supported by substantial evidence.

But this does not resolve our inquiry. The BIA also held that Charles did not show that any harm he suffered rose to the level of persecution. "[P]ersecution is

---

[1]     Charles also applied for relief under the Convention Against Torture, but that application was not briefed in his petition for review and we do not consider it here.

2

an extreme concept that does not include every sort of treatment our society regards as offensive." *Mansour v. Ashcroft*, 390 F.3d 667, 672 (9th Cir. 2004) (alteration in original) (quoting *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995)). Persecution requires more than harassment. *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003). Unfulfilled threats, without more, generally do not constitute past persecution. *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). Substantial evidence supports the BIA's conclusion that, even crediting his testimony as true, Charles did not suffer past persecution. *See Halaim v. INS*, 358 F.3d 1128, 1131 (9th Cir. 2004) ("We review for substantial evidence the agency's factual findings."). Instead, his testimony that police officers fired shots in the air and that men later came looking for him better fits "within that category of past experience more properly viewed as indicative of the danger of future persecution." *Lim*, 224 F.3d at 936 (quoting *Boykov v. INS*, 109 F.3d 413, 416 (7th Cir. 1997)).[2]

---

[2] Before the IJ, Charles also testified that he was beaten on one occasion, though he did not describe the incident in any detail nor does he discuss this incident in his Opening Brief. But even crediting his limited testimony about the beating as true, we cannot say that the evidence compels the conclusion that the beating constituted past persecution. *See Halim v. Holder*, 590 F.3d 971, 975–76 & n.4 (9th Cir. 2009) (noting that testimony about a beating, without more, does not compel a finding of past persecution); *Gu v. Gonzales*, 454 F.3d 1014, 1019–21 (9th Cir. 2006) (holding that, where a petitioner was arrested, interrogated, and beaten on one occasion, the record did not compel a conclusion that petitioner's treatment rose to the level of persecution).

Charles contends that even if the challenged government conduct did not rise to the level of persecution, he still has a well-founded fear of future persecution in Haiti. But Charles does not address the IJ's conclusion that the Aristide government, in power at the time Charles fled Haiti, is no longer in power. Given the changed conditions in Haiti, the IJ found that there was no reasonable possibility that Charles would face persecution by the individuals who were looking for him after the December 28 incident.[3] The evidence does not compel a conclusion to the contrary. *See Halaim*, 358 F.3d at 1131 ("We must uphold [factual] findings unless the evidence compels a contrary result.").

**PETITION DENIED.**

---

[3] The IJ in his oral decision took administrative notice of the changed regime in Haiti. Charles did not argue before the BIA, and does not contend in his petition for review, that the IJ's decision, which was based on administratively noticed facts, violated Charles's due process rights under our holding in *Circu v. Gonzales*. 450 F.3d 990, 993 (9th Cir. 2006) (en banc) ("[A]n IJ may take administrative notice of a change of government, but where it is plausible that the change does not eliminate the danger to the individual petitioner, the IJ must give the petitioner an opportunity to be heard on the question of the individual impact."). Accordingly, we do not consider that question here.